# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BUSINESS REALTY INVESTMENT COMPANY INC.,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} |
| v. | } Case No.: 2:09-CV-01139-HGD |
| **JEFFERSON COUNTY, ALABAMA,** | }<br>}<br>} |
| **Defendant.** | } |

## MEMORANDUM OPINION

On November 18, 2010, Plaintiff filed a Motion to Amend Complaint. (Doc. # 35). The Magistrate Judge entered an Order on June 22, 2011 denying in part Plaintiff's Motion. (Doc. # 39). Plaintiff filed a timely objection to the Magistrate Judge's Order. (Doc. # 40). Plaintiff has objected to that portion of the Magistrate Judge's Order to the extent that it denies Plaintiff leave to amend its Complaint to add a state-law claim for inverse condemnation. (Doc. # 40). After carefully reviewing the record, the court sustains Plaintiff's objection.

Plaintiff Business Realty Investment Company owns property in Jefferson County that it has been attempting to develop into the Seven Springs subdivision for over a decade now. As part of that development, Plaintiff claims to have spent a considerable amount on the design and installation of a sewer system, which was approved by the City of Birmingham. Since then, the City has transferred ownership of the sewers under the Seven Springs development to Defendant Jefferson County.

In 2007, Plaintiff discovered the sewers under Seven Springs had been filled with concrete, grout, and gravel. Plaintiff claims Defendant caused the damage, and that Defendant should be

responsible for the $330,000 it cost to install a new system. Plaintiff filed this case on March 30, 2010, seeking relief under 42 U.S.C. § 1983 on the grounds that Defendant's actions constitute an illegal taking that violates the Fourteenth Amendment of the United States Constitution. (Doc. # 1).

Over the course of litigation, Plaintiff has amended its complaint to add a claim for trespass. (Doc. # 25). In addition, Plaintiff has repeatedly sought leave from the Magistrate Judge to add a state-law claim for inverse condemnation. (Docs. # 13, 22, 35). The Magistrate Judge has persistently denied those requests, finding that the state inverse condemnation claim is not ripe for adjudication because Plaintiff has not yet exhausted its available remedies by filing an inverse condemnation claim in state court. (Docs. # 15, 23, 39). In doing so, the Magistrate Judge relied primarily on *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), a decision of the Supreme Court, which Defendant claims is fatal to Plaintiff's case. (Doc. # 5).

The court finds that Defendant's reliance on *Williamson* is misplaced. In that case, the Supreme Court held that Fifth Amendment takings suits are not ripe for adjudication until the plaintiff has first sought compensation through available procedures. *Id.* at 194. The basis of that holding was that "[t]he Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Id.* at 195. As a result, there is no Fifth Amendment violation when "the government has provided an adequate process for obtaining compensation, and if resort to that process yield[s] just compensation." *Id*. Thus, it is essential to a Fifth Amendment takings claim for a Plaintiff to show that resort to available state processes has not yielded just compensation-something a plaintiff cannot do until it has actually resorted to those processes. *See, e.g., Church of Jesus Christ of Latter-Day Saints v. Jefferson County*, 721 F. Supp. 1212 (N.D. Ala.

1989)*.* Because Alabama law provides a cause of action for inverse condemnation that Plaintiff has not yet pursued, a Fifth Amendment takings claim would indeed be rightfully dismissed as unripe.

But Plaintiff does not seek to add a Fifth Amendment takings claim to its complaint. Instead, Plaintiff has sought to add a claim for inverse condemnation under Alabama law. See Ala. Code § 18-1A-32. According to the Supreme Court of Alabama, inverse condemnation is "the taking of private property for public use without formal condemnation proceedings and without just compensation being paid by a governmental agency or entity which has the right or power of condemnation." *Ex parte Carter*, 395 So.2d 65, 67 (Ala. 1980). Plaintiff's proposed amendment to the complaint alleges as much, and the state-law claim of inverse condemnation is now ripe for adjudication. Indeed, the Eleventh Circuit has found (albeit in an unpublished decision) that the ripeness rationale underlying federal takings claims "has no application to [a plaintiff's] state law inverse condemnation claim." *Watson Construction Co. v. City of Gainesville*, 244 Fed. Appx. 274, 278 (11th Cir. 2007). Because ripeness is not an issue with respect to a state law inverse-condemnation claim, the rationale for denying Plaintiff leave to amend the complaint is contrary to law.

The cases cited in the order denying leave to amend do not say otherwise. Five of the cases he cites are inapplicable because they deal only with takings claims under the United States Constitution, not actions under state law where ripeness is not an issue. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985); *Eide v. Sarasota County*, 908 F.2d 716 (11th Cir. 1990); *New Port Largo, Inc. v. Monroe County*, 873 F. Supp. 633 (S.D. Fla. 1994); *Church of Jesus Christ of Latter-Day Saints v. Jefferson County*, 721 F. Supp. 1212 (N.D. Ala. 1989); *Deniz v. Municipality of Guaynabo*, 285 F.3d 142 (1st Cir. 2002). Three other

3

cases dismissed state-law inverse condemnation claims on the grounds that all claims with an independent basis for jurisdiction had been dismissed, thus there was no need to continue to exercise supplemental jurisdiction over the state-law takings claim. *See Robert and Ethel Freeman, LLC I v. City of Fircrest*, 2008 WL 2622916 (W.D. Wash. July 1, 2008); *Marci v. King County*, 126 F. 3d 1125 (9th Cir. 1997); *Patel v. Penman*, 103 F.3d 868 (9th Cir. 1996).[1]

The remaining cases cited in the Magistrate Judge's Order actually provide support for the court's conclusion that Plaintiff's amendment should be allowed. In *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, the Ninth Circuit found that although a Fifth Amendment takings claim was not ripe for review because the plaintiff had not yet pursued a state-law takings claim, it would be "entirely appropriate" for the district court "to permit plaintiffs to amend their complaint to include a pendent state law taking claim." 882 F.2d 1398, 1403 n.4 (9th Cir. 1989); *see also Lanna Overseas Shipping, Inc. v. City of Chicago*, 1997 WL 587662 at *15-*16 (N.D. Ill. Sept. 18, 1997) (exercising supplemental jurisdiction over state inverse condemnation claims). And in *Mid Gulf, Inc. v. Bishop*, the court allowed a state claim for inverse condemnation to go to trial even after holding that a federal takings claim was not ripe for adjudication. 792 F. Supp. 1205 (D. Kan. 1992).

---

[1] The Defendant's argument does find some support in *Owens v. City of St. Louis*, 2005 WL 2033425 (E.D. Mo. Aug. 18, 2005). There the court dismissed a state-law claim for inverse condemnation because such a claim "must be exhausted in state court before a Takings Clause claim can be filed in federal court." *Id.* at *6. The court does not adopt the rationale for *Owens* for two reasons. First, a review of the *Owens* decision shows that the state-law inverse condemnation claim was not dismissed until after all other claims providing an independent basis for federal jurisdiction had been dismissed. *Id.* As a result, there was no reason to continue to litigate the state inverse condemnation claim between non-diverse parties in federal court while that same claim was pending (or at least could be pursued) in a state court. Second, to the extent that *Owens* found that a federal court cannot exercise supplemental jurisdiction over a state-law claim for inverse condemnation because such a claim must first be heard in a state court, its holding is simply not consistent with Eleventh Circuit and Alabama case law.

Here, just as in those cases, the state-law claim for inverse condemnation is ripe for review, and exercise of supplemental jurisdiction over the state-law inverse condemnation claim pursuant to 28 U.S.C. § 1367 is therefore entirely appropriate.

The court finds the Magistrate Judge's decision to deny Plaintiff's request to add a state-law claim for inverse condemnation was based upon the county's erroneous argument that no takings claims can be heard in federal court until Plaintiff has fully pursued all available state remedies in state court. Instead, the correct rule is only that a Plaintiff cannot pursue a Fifth Amendment takings claim in state court before exhausting state remedies. No authority has been presented to the court indicating that a party cannot pursue a state inverse condemnation claim in federal court when jurisdiction is otherwise proper. Accordingly, the court finds that Plaintiff's objection should be sustained, and Plaintiff should be allowed to amend the Complaint to include a state-law claim for inverse condemnation.

**DONE** and **ORDERED** this      1st      day of August, 2011.

                                           **R. DAVID PROCTOR**
                                           UNITED STATES DISTRICT JUDGE