**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**BUSINESS REALTY INVESTMENT
COMPANY, INCORPORATED**

       **Plaintiff,**

**v.**                                                    **CV 2:09-1139-RBP**

**JEFFERSON COUNTY, ALABAMA
and INSITUFORM TECHNOLOGIES,
INC.,**

       **Defendants.**

**AMENDED
MEMORANDUM OPINION**

This cause comes on to be heard on the Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by the defendant Insituform Technologies, Inc. On September 8, 2011, Report and Recommendation of the magistrate judge filed on October 2, 2012, Defendant's Objection to Report and Recommendation filed on October 16, 2012 and Objection by Plaintiff to Magistrate Judge's Recommended Order of October 2, 2012 filed on October 16, 2012.[1]

The applicable Alabama law, whatever it may be, has resulted from a series of "fruit basket turnover" cases generated since the early nineteenth century.  Justice Champ Lyons has stated, "[T]he distinction between trespass and trespass on the case has been a quagmire in Alabama jurisprudence for many years." *McKenzie v. Killian III*, 887 So.2d  861, 866 (Ala. 2004) (overruled almost exactly 8 years later).  Some mire remains.[2]

---

[1]  The court will not repeat the well known summary judgment law.

[2]  The uncertainty may trace back all the way to the initial *"quare clausum fregit"* case.

The best that this court can state the issues, they include:[3]

(1) With regard to the plaintiff's § 1983 claim(s), can defendant Insituform Technologies, Inc. (Insituform) be considered a state actor which acted under color of law as to the claimed damage on plaintiff's land?

(2) If Insituform can be considered a state actor acting under color of law, can it be held liable under § 1983 if it did not, itself, directly cause or participate in causing the damage to plaintiff's property?  The magistrate judge determined that it could not be, citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978).  The magistrate judge also concluded that any purported § 1983 claim is barred by a statute of limitations.

(3) Can Insituform be held liable under Alabama law for any tort committed solely by its joint venture partner with reference to the damage to plaintiff's property?  The magistrate judge concluded that it could be.  The magistrate judge refused to rule on whether any state law claim was barred by a statute of limitation since the issue was not raised in the motion to dismiss.[4]  Though the plaintiff addressed the issue in its response, to which Insituform replied, the magistrate judge would not consider new arguments raised in a reply brief.

(4)  Does the doctrine of continuing trespass preclude any statute of limitations defense by Insituform?  The plaintiff claims that no statute of limitations began to run until February 2009 when it unblocked the sewer lines and installed new, functional lines.  The plaintiff cites several non-Alabama cases which this court does not find to be persuasive.

---

[3]  The court will not restate all the facts.  They are relatively undisputed to the extent this court relies upon them  except for possible disputes as to inferences to be drawn.  The parties agreed that plaintiff's inverse condemnation claim against Insituform is due to be dismissed.

[4]  The parties have agreed, however, that all issues are before this court.

(5)  The plaintiff claims that the magistrate judge erred with regard to his  § 1983 statute of limitations conclusion.

## COURT'S ANALYSIS

### § 1983 Claims

The court starts with what it considers to be a clearly called for holding.  Based upon *Randell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) and *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992), the court concludes that Insituform was not a state actor acting under color of law.  Whatever Insituform's role was, if any, it is clear that, at worst, it was acting in the traditional role of a contractor and had no role in powers which are "traditionally the exclusive prerogative of the State."  Any § 1983 claims against it will be dismissed with prejudice. [5]

### State Law Claims

The various Alabama cases concerning trespass and trespass on the case, continuing trespass, statutes of limitation, permanent trespass, limitation periods applicable to acts and/or damages present the most difficulty.

### *a.  Applicable Statute of Limitations*

Alabama law applies a six year statute of limitations to trespass actions. Ala. Code § 6-2-34(2) (1975) (stating that "[t]he following must be commenced within six years: . . . (2) Actions for any trespass to real or personal property."). Trespass is defined as "any entry on the land of another without express or implied authority." *Hankins v. Crane*, 979 So. 2d 801, 808 (Ala. Civ.

---

[5] There may be other reasons to dismiss the § 1983 claim which will not be addressed.  The plaintiff has suggested a unique theory that, somehow, the sewer consent decree case endowed Insituform with some state type powers.  The plaintiff has acknowledged that it does not have any controlling, or otherwise, case to support this position.  There  may be the question of whether qualified immunity applies in any event.

App. 2007) (quoting *Central Parking Sys. of Ala. Inc. v. Steen*, 707 So. 2d 226, 228 (Ala. 1997)).

Alabama recognizes a distinction between trespass and trespass on the case. The latter carries a

two-year limitations period.

> Under the common law, the foundation for civil liability for injuries to persons and property consequent upon the unintentional application of force, whether the act be affirmative or omissive, is negligence, and the appropriate common law action is case, speaking more correctly, trespass on the case. But when force is intentionally applied by direct affirmative act it is trespass and the appropriate action for the recovery of damages therefore is trespass.

*Crotwell v. Cowan*, 198 So. 126, 127 (Ala. 1940).

Alabama courts have also rested holdings on a distinction of causality instead of intent.

One line of cases emphasized "the directness or immediate character of the injury." *Cochran v.*

*Hasty*, 378 So. 2d 1131, 1133 (Ala. Civ. App. 1979) (overruled by *McKenzie*, *supra*,  887 So. 2d

at 862). The 'direct injury' cases recognized an injury to be a trespass when it was immediate and

"a result of the application of direct force." *Id* (citing *Sasser v. Dixon*, 273 So. 2d 182 (Ala.

1973); *City of Fairhope v. Raddcliffe*, 263 So. 2d 682, 684 (Ala. 1972)). However, the court

reversed this position, back to intent, in *McKenzie, supra,* 887 So. 2d at 870, instead concluding

that the distinction depends upon whether the conduct was intentional. Though *McKenzie* was

overruled to the extent that wantonness was found to be unintentional conduct, the distinction

based on intent is apparently still accepted. *See Ex parte Capstone Bldg. Corp*., 96 So. 3d 77, 83

(Ala. 2012). For the six year period of limitations to apply, the conduct must be intentional.

Though *McKenzie* grouped wanton conduct into this category, the court in *Capstone* clarified that

wanton trespass claims fall under the two-year statute of limitations.

   *b. Time When Accrual Begins*

The next issue that must be settled is whether the plaintiff's ignorance of the existence of the damage affects the time of accrual. In *Chaney v. Ala West-AL, LLC*, 22 So. 3d 488, 496 (Ala. Civ. App. 2008), the plaintiffs argued that their action was timely despite the damage occurring more than six years before filing because the claim did not start to accrue until they had notice of the damage. The court rejected this argument, reaffirming the principle that "the cause of action 'accrues,' and the statute of limitation begins to run, 'when and only when the damages are sustained.'" *Id*. at 497 (quoting *Garrett v. Raytheon Co.*, 368 So. 2d 516, 519 (Ala. 1979) (overruled on other grounds)). Applying this to trespass and damage to property, the cause of action limitation period begins to accrue on the date that the property was damaged. In this case the filling of the sewer lines was complete on or about June 1, 2001.

### c. Permanent or Continuing Trespass

Also at issue in this case is the concept of continuing trespass. Normally, a trespass is considered permanent once committed, "and an aggrieved landowner must bring his action within the period allowed by the statute." *Motisi v. Ala. Gas. Corp*., 485 So. 2d 1157, 1158 (Ala. 1986). However, "a structure maintained on another's property is a continuing trespass." *Ala. Power Co. v. Gielle*, 373 So. 2d 851, 854 (Ala. Civ. App. 1979) (citing 87 C.J.S. Trespass § 13 (1954)). Notably, trespass of a continuing nature can create "successive causes of action, and damages may be recovered for the trespass occurring within the statutory period." *Id* (citing 13 Ala. Digest Limitation of Actions § 55(6)).

Determining when a 'structure' is considered permanent or continuing is less clear. Alabama courts have determined an installed gas line on a plaintiff's property to be permanent. *See Motisi*, 485 So. 2d at 1158. "A permanent structure gives rise to a permanent, rather than a

continuing, trespass." *In re Worldcom, Inc.*, 339 B.R. 836, 844 (S.D.N.Y. 2006) (interpreting and applying Alabama law). On the other hand,  the Alabama Supreme Court found the accumulation of chemical particles on a plaintiff's farm from a nearby smelting plant to be a continuing trespass. *Borland v. Sanders Lead Co.*, 369 So. 3d 523 (Ala. 1979). The court compared this to the case of a retaining wall.  *Devenish v. Phillips*, 743 So. 2d 492, 494 (Ala. Civ. App. 1999). At first glance, it would seem that a trespass is permanent when it has a static physical presence. The maintenance of a power pole on a plaintiff's property has also been considered a continuing trespass. *See Gielle*, 373 So. 2d at 854. The Alabama Civil Court of Appeals, in finding the retaining wall in *Devenish* to be permanent, described the structure as "a permanent injury to the land, with a continuing harm." 743 So. 2d at 494.

### Conclusion of Court

The court concludes that the statutory limitation period began to accrue on June 1, 2001 and, whether considered as trespass or trespass on the case, the statute of limitations period ran prior to the filing of this action. In any event, the plaintiff discovered the entry in June of 2007 when a church adjacent to the property attempted to utilize the sewer lines.[6] There may be other reasons to dismiss this action against Insituform, including: whether it can be held liable for the action of Jefferson County and Pugh; whether, in any event, damages can be claimed only for the damage, if any, which may have accrued during a limitation period; and whether the action of Pugh was covered by a contract to which Insituform was a party, etc., etc.

This court has read a number of cases which have led to its ultimate conclusion - without

---

[6]  The court concludes that, at best, plaintiff's claim against Insituform is trespass on the case and is barred by the 2 year statute.

repeating pertinent statements in each case or stating whether some portions may have been
overruled, the court hereby lists various cases and some general references to some of the
mentioned  issues.[7]   Some of the cited cases may have been overruled in whole or part and may
help either side to an extent.

1. *Sasser v. Dixon*, 290 Ala. 17, 273 So. 2d 182 (Ala. 1973) (Intent required) (Respondeat
superior applicable).

2. *Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77 (Ala. 2012) (6 year statute applicable to
wanton entry).

3. *Becton v. Rhone-Poulenc, Inc.*, 706 So. 2d 1134 (Ala. 1997) (Beginning accrual date).

4. *American Mutual Liab. Ins. Co. v. Agricola Furnace Co.*, 236 Ala. 535, 83 So. 677
(Ala. 1938) (Limitation period applicable to damages).

5. *Chaney v. Ala. West-AL, LLC*, 22 So. 3d 488 (Ala. Civ. App. 2008) (cert denied May 8,
2009) (follows *Garrett, infra*) (Plaintiff's ignorance of tort of injury).

6. *Garrett v. Raytheon Co., Inc.,* 368 So. 2d 516 (Ala. 1979) (Limitations period,
ignorance of tort or injury) (citing *Kelly v. Shropsire, infra*).

7. *Kelly v. Shropshire,* 99 Ala. 602, 75 So. 291 (Ala. 1917) (Ignorance of tort or injury).

8. *Home Ins. Co. v. Stuart*, 291 Ala. 601, 285 So. 2d 468 (Ala. 1973).

9. *Payne v. Ala. Cemetery A'ssn*, 413 So. 3d 1067 (Ala. 1982).

10. *Hudson v. Moore*, 239 Ala. 130, 194 So. 147 (Ala. 1940).

11. *Krupski v. Costa Crociere*, 130 S. Ct. 2485 (2010) (Relation back).

12. *McKenzie v. Killian III*, 887 So. 2d 861 (Ala. 2004) (General history of trespass and
trespass on the case in Alabama).

13. *Evans v. Walter Indus., Inc.*, 579 F. 3d 1349 (N.D. Ala. 2008) (Continuing trespass
Limitation period of damage).

---

[7]The court does not repeat some previously discussed cases.

14. *Motisi v. Ala. Gas. Corp.*, 485 So. 2d 1157 (Ala. 1986) (Gas line installed, permanent or continuous).

15. *Ala. Power Co. v. Gielle*, 373 So. 2d 851 (Ala. Civ. App. 1979) (Pole on property, continuing trespass).

16. *Rendall-Baker v. Kohn*, 457 U.S. 831 (State actor under color of law).

17. *Harvey v. Harvey*, 949 F. 2d 1127 (11th Cir. 1992) (Permanent or continuous).

18. *Saxton v. ACF Indus.*, 254 F. 3d 959 (11th Cir 2001) (Relation back).

19. *King v. General Motors Corp.*, 2012 W.L. 1340066 (N.D. Ala. April 18, 2012) (relation back).

This court further notes:

(a) There is no evidence of fraudulent concealment by Insituform.

(b) The court is not aware of any Rule 56(d) (formerly Rule 56(f)) affidavit being filed.[8]

 (c) It is not disputed that the plaintiff discovered the alleged trespass (of whatever nature) by June 2007 and that the complaint was not amended to add Insituform until August 16, 2011.

(d) There was certainly no direct *or* intended action by Insituform.

(e) The fact that Insituform was not even named as a defendant until around August 2011 suggests the lack of due diligence and/or a late blooming attempt to hold a target defendant liable.

Insituform's motion for summary judgment will be GRANTED.

---

[8]  A *motion* dealing with discovery was filed some two years before Insituform was added as a party.  There may have been other motions, but not affidavits.

This the 8th day of July, 2013.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**